IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY ROSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| O'REILLY AUTO PARTS, | ) Case No. 16-CV-151-SMY-PMF |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pursuant to the Court's obligation to raise *sua sponte* whether it has subject matter jurisdiction, (*Craig v. Ontario Corp.,* 543 F.3d 872, 875 (7th Cir.2008)), and having reviewed the Notice of Removal in this case (Doc. 1), the Court finds that Defendant insufficiently pled diversity jurisdiction.  Accordingly, this matter is **REMANDED** to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

Plaintiff filed suit against Defendant O'Reilly Auto Parts[1] alleging personal injury and economic damages suffered as a result of Defendant's failure to maintain its sidewalk in safe condition (Doc. 1-3).  Defendant removed this action from the Circuit Court of Madison County, Illinois on February 10, 2016 (Doc. 1).  Federal subject matter jurisdiction is alleged on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

---

[1] Defendant has noted that it was misnamed in the original Complaint.  Its true name is O'Reilly Automotive Stores, Inc.

1

The exercise of diversity jurisdiction requires that an amount in excess of $75,000.00, exclusive of interest and costs, be in controversy and that all parties be of completely diverse citizenship - that is, no plaintiff is a citizen of the same state as any defendant. *See* 28 U.S.C. § 1332(a)(1).

To determine the amount in controversy, the Court looks to the face of the plaintiff's complaint. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). In this case, Plaintiffs' Complaint seeks a judgment "in an amount in excess of $50,000.00." Defendants assert that Plaintiff's damages exceed $75,000.00 (Doc. 1, ¶ 6). However, Defendant's beliefs are insufficient evidentiary support that Plaintiff's damages indeed exceed $75,000.00. As such, the Court finds that the Complaint does not fairly and clearly demonstrate that the amount-in-controversy requirement of § 1332 has been met. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005) ("Whichever side chooses federal court must establish jurisdiction; it is not enough to file a pleading and leave it to the court or the adverse party to negate jurisdiction."); *see also Morales v. Menard, Inc.*, No. 12-CV-9082, 2014 WL 1364996, at *1 (N.D. Ill. Apr. 7, 2014) ("The party seeking federal jurisdiction bears the burden to prove that the amount-in-controversy requirement of § 1332 has been met and that this Court has jurisdiction").

Accordingly, this Court does not have proper subject matter jurisdiction over this case and is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the matter back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED: February 26, 2016**

s/ Staci M. Yandle
**STACI M. YANDLE**
**United States District Judge**